IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ANA R. RIOS
    Plaintiff,

v.

COMMONWEALTH RECEIVABLES, INC.
and CHAD E. GOLDSTONE,
    Defendants.

05cv10906 REK

## COMPLAINT

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

### PARTIES

3. Plaintiff, Ana R. Rios, is a natural person residing in Boston, Massachusetts.

4. Defendant Commonwealth Receivables, Inc. (hereafter "Commonwealth") is a Massachusetts corporation with a place of business in Watertown, Massachusetts, and is engaged in the business of collecting debts in Massachusetts.

5. On information and belief, Commonwealth buys charged-off debts in bulk from prior assignees of the original creditors after default for a small percentage of the amount of the

debts and then attempts to collect the full face amount of the debts from consumer debtors in Massachusetts.

6. Commonwealth regularly attempts to collect debts alleged to be due another and is a debt collector as that term is defined in FDCPA § 1692a(6).

7. On information and belief, Commonwealth, at all relevant times, has not been licensed in the Commonwealth of Massachusetts as either a collection agency or a debt collector with the Massachusetts Division of Banks as required by M.G.L. ch. 93 §§ 24-28 in order to collect debts within Massachusetts.

8. Defendant Chad E. Goldstone (hereafter "Goldstone") is a natural person and is the President, Treasurer, Secretary and sole Director of Commonwealth.

9. Goldstone regularly attempts to collect debts alleged to be due another and is a debt collector as that term is defined in FDCPA § 1692a(6).

10. Defendants represent to the public, through information listed with the Massachusetts Secretary of State, that Defendant Goldstone's address is 45A Flanagan Drive, Framingham, Massachusetts.

11. In fact, on information and belief, Goldstone has not been at that address since approximately mid-2004.

12. On information and belief, Goldstone, at all relevant times, has not been licensed in the Commonwealth of Massachusetts as either a collection agency or a debt collector with the Massachusetts Division of Banks as required by M.G.L. ch. 93 §§ 24-28 in order to collect debts within Massachusetts.

13. On information and belief, Defendant Commonwealth is the alter ego of Goldstone and is inadequately capitalized, does not observe corporate formalities, does not pay

dividends, lacks sufficient corporate records, has no functioning directors and has only one person, Goldstone, in the position of its officers who does not function as such. On information and belief Defendant Commonwealth's dominant shareholder, Goldstone, siphons away the corporate assets and uses the corporation in promoting fraud.

## FACTUAL ALLEGATIONS

14. On or about January 15, 2004, Defendants mailed a letter to Plaintiff in their attempt to collect an alleged debt to Providian Bank (hereafter "debt").

15. The debt had been discharged in Plaintiff's bankruptcy by order of the United States Bankruptcy Court for the District of Massachusetts dated June 10, 2003 in case number 03-41137.

16. On information and belief, Defendants purchased the previously-discharged debt from a prior assignee of the original creditor.

17. On or about the day Plaintiff received Defendants' January 15, 2004 letter, Plaintiff telephoned Defendants and told the man who answered Defendants' telephone that the debt had been discharged in her bankruptcy.

18. On or about February 25, 2004, Defendants filed an action against Plaintiff in Small Claims Division of the Concord, Massachusetts district court in an attempt to collect the previously-discharged debt, alleging that Plaintiff owed $825.50 (hereafter "small claims lawsuit").

19. On April 27, 2004, the date set for trial of the small claims action, Plaintiff telephoned Defendants to inform them that she was ill and could not be present in court due to her illness.

20. On information and belief, on April 27, 2004, Defendants obtained a default

3

judgment in the amount of $882.33 including costs and prejudgment interest on the previously-discharged debt, and a payment review was scheduled for June 1, 2004.

21. On or about May 5, 2004, Defendants mailed a form letter to Plaintiff in their attempt to collect the previously-discharged debt. A copy of this letter is attached hereto as **Exhibit 1**.

22. Exhibit 1 states that Plaintiff has been "**SUMMONED TO APPEAR FOR TRIAL AT THE CONCORD DISTRICT COURT ON 06/10/2004, TO ANSWER THE COMPLAINT BROUGHT** [by Defendants]." (Emphasis in original).

23. Exhibit 1 falsely states that June 1, 2004 was a trial date.

24. June 1, 2004 was not a trial date, as stated in Exhibit 1, because Defendants had already obtained a default judgment in the small claims lawsuit.

25. On information and belief, on June 1, 2004, a hearing on the 30 day payment order Defendants had previously obtained in the small claims lawsuit was scheduled.

26. Exhibit 1 also states that Plaintiff owes a balance of $867.14.

27. In fact, Plaintiff owed nothing because the debt had been discharged in bankruptcy on June 10, 2003.

28. The amount asserted as owed in Exhibit 1, $867.14, bears no relationship to either the amount alleged as due in Defendants' small claims lawsuit ($825.50), that amount plus prejudgment interest ($842.33) or the default judgment, which included costs ($882.33).

29. On or about June 1, 2004, Defendants mailed a form letter to Plaintiff in their attempt to collect the previously-discharged debt. A copy of this letter is attached hereto as **Exhibit 2**.

30. Exhibit 2 asserts that Plaintiff owes a balance of $872.67.

4

31. Exhibit 2 also makes a demand "**FOR PAYMENT OF THE JUDGMENT PLUS POST-JUDGMENT COSTS AND INTEREST TOTALING $872.67 IMMEDIATELY.**" (Emphasis in original).

32. In fact, Plaintiff owed nothing because the debt had been discharged in bankruptcy on June 10, 2003, almost one year earlier.

33. Exhibit 2 also implies that Defendants can collect post-judgment costs from the Plaintiff.

34. In fact, Defendants had not obtained any court order awarding them post-judgment costs.

35. Defendants were not entitled to collect post-judgment costs from Plaintiff in the small claims lawsuit, *inter alia*, absent court order, pursuant to Massachusetts Uniform Small Claims Rules7(h).

36. The amount asserted as owed in Exhibit 2, $872.67, bears no relationship to either the amount alleged as due in Defendants' small claims lawsuit ($825.50), that amount plus prejudgment interest ($842.33), the default judgment, which included costs ($882.33) or even the default judgment plus post-judgment costs and interest ($893.35), which it purported to include.

37. Exhibit 2 states that "Failure to contact this office will result in our requesting an execution from the court for the purpose of **seizing your 1995 BUICK PARK AVE.**"

38. Exhibit 2 implies that, if Plaintiff were to have contacted Defendants after receiving Exhibit 2 (which could not have occurred until June 2, 2004 or later) to make a payment arrangement, Defendants would not seek an execution.

39. In fact, on the same date as Exhibit 2, June 1, 2004, Defendants had already requested a writ of execution from the small claims court by letter of that date. A copy of this

5

letter is attached hereto as **Exhibit 3**.

40. On information and belief, Defendants routinely seek executions in small claims court cases, even when judgment debtors contact them and make payment arrangements.

41. Exhibit 1 (May 4 letter) implies that if Plaintiff were to have contacted Defendants after receiving Exhibit 1 to make payment arrangements, she would not have to appear in court and she would incur no additional costs.

42. On information and belief, even if Plaintiff had contacted Defendants after receiving Exhibit 1 to make payment arrangement, Defendants would have obtained a writ of execution that would have added post-judgment interest.

43. On June 4, 2005, Defendants obtained an execution.

44. On July 28, 2004, Defendants caused Plaintiff's vehicle to be seized pursuant to the execution.

45. At the time of the seizure, Plaintiff was driving her vehicle with three other occupants inside it.

46. Defendants' actions and conduct described above were in violation of the discharge injunction of the United States Bankruptcy Court in Plaintiff's bankruptcy case.

## CAUSE OF ACTION

47. Plaintiff realleges paragraphs 1 through 46 above.

48. Defendants have violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    a. False and misleading representations and implications as to the character, amount and legal status of the debt, in violation of FDCPA § 1692e, 1692e(2)(A) and 1692e(10);

b. The failure to disclose in Exhibits 1 and 2 that the communication is from a debt collector, in violation of FDCPA § 1692e and 1692e(11);

c. False and misleading representations and implications that Defendant Goldstone's address is 45A Flanagan Drive, Framingham, Massachusetts, in violation of FDCPA § 1692e and 1692e(10);

d. False and misleading representations of compensation which may lawfully be received by Defendants for collection of the debt, in violation of FDCPA § 1692e, 1692e(2)(B) and 1692e(10);

e. False and misleading representations that nonpayment of the debt will result in the seizure of Plaintiff's vehicle, when such seizure was unlawful, in violation of FDCPA § 1692e, 1692e(4) and 1692e(10);

f. The threat to take action which cannot legally be taken, in violation of FDCPA § 1692e, 1692e(5) and 1692e(10);

g. False and misleading representations and implications that documents do not require action by Plaintiff, in violation of FDCPA § 1692e, 1692e(15) and 1692e(10);

h. False and misleading representations and implications that Defendant is entitled to collect debts in the Commonwealth of Massachusetts, in violation of FDCPA § 1692e and 1692e(10);

i. Use of false, deceptive and misleading representations or means in connection with the collection of a debt, in violation of FDCPA §§ 1692e and 1692e(10); and

j. Use of unfair or unconscionable means to collect or attempt to collect the

7

alleged debt, in violation of FDCPA § 1692f.

49. Plaintiff's claims are based solely on Defendants' actions and conduct occurring on or after May 4, 2005.

## PLAINTIFF'S DAMAGES

50. As a result of Defendants' violations of the FDCPA described above, the Plaintiff suffered actual damages, including loss of use of her vehicle, expenses incurred in retrieving her vehicle and emotional distress.

51. Defendants intended to cause Plaintiff emotional distress by their actions and conduct described herein.

52. Plaintiff is entitled to her actual damages, pursuant to FDCPA § 1692k(a)(1).

53. Plaintiff is also entitled to an award of statutory damages, FDCPA § 1692k(a)(2)(A).

54. Plaintiff is entitled to her costs and attorney's fees pursuant to FDCPA § 1692k(a)(3).

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment for the Plaintiff and against Defendants in the amount of her actual damages;

B. Enter judgment for the Plaintiff and against Defendant for $1,000 statutory damages pursuant to 15 U.S.C. § 1692k;

C. Award the Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Grant such other and further relief as may be just and proper.

Ana R. Rios, Plaintiff
by her Attorney,

*[signature]*

Yvonne W. Rosmarin  BBO #566428
Law Office of Yvonne W. Rosmarin
58 Medford Street
Arlington, MA 02474
781-648-4040

### JURY DEMAND

Plaintiff demands trial by jury.

*[signature]*

Yvonne W. Rosmarin

9

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

John A. Hirsch and Ronald W. Zolla

**DEFENDANTS**

Michael Lamensdorf and Kathy Lamensdorf

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Essex, MA

(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Sarasota, FL

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

J. Owen Todd
Edward Foye
Todd & Weld
28 State Street
Boston, MA 02109
(617) 720-2626

ATTORNEYS (IF KNOWN)

Brandon F. White
Matthew E. Miller
Foley Hoag LLP
...

05 10902 DPW

**II. BASIS OF JURISDICTION** (PLACE AND "x" IN ONE BOX ONLY)

- ☐ 1 U.S. GOVERNMENT Plaintiff
- ☐ 2 U.S. GOVERNMENT Defendant
- ☐ 3 FEDERAL QUESTION (US Government Not a Party)
- ☒ 4 DIVERSITY (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN**

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY.)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commercial/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs | | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety Health | ☐ 820 Copyrights | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 830 Patent | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth In Lending | **LABOR** | ☐ 840 Trademark | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholder Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 D/WC,DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | | |
| ☐ 240 Torts to Land | | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☒ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC § 1332. Plaintiffs seek a declaratory judgment from the Court concerning a proposed sale of assets held among the parties.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):

JUDGE _____  DOCKET NUMBER _____

# *Commonwealth Receivables, Inc.*

**po box 1370, framingham, ma 01701 / tel. 508-788-9269 / toll free 888-267-6880 / fax 508-788-6938**

*EXTENDED HOURS:*
*mon-fri 8:00 a.m. – 8:00 p.m.*
*saturday 9:00 a.m. 5:00 p.m.*

663861.

ANA R RIOS
20 DAWN RD
MAYNARD   MA 01754

May 5, 2004

Re:   $867.14 due and owing Commonwealth Receivables on
      Providian Bank Visa Card #4479-4726-0047-1507
      Civil Action #0447SC0175

**Our File #: C-663861**

Dear Ana R Rios:

**PLEASE BE ADVISED THAT YOU HAVE BEEN SUMMONED TO APPEAR FOR TRIAL AT THE CONCORD DISTRICT COURT ON 06/01/2004, TO ANSWER THE COMPLAINT BROUGHT AGAINST YOU BY THE ABOVE-REFERENCED PLAINTIFF.**

In a final attempt to resolve this matter amicably and without further costs to you, <u>we urge you to contact this office at your earliest convenience</u>.

Our representatives are willing to work with you on this matter so that <u>**your appearance in court may not be necessary**</u>. However, failure to contact this office to resolve this matter will result in our pursuing any and all remedies available.

This letter and all communications from this office are attempts to collect the debt owed and any and all information obtained will be used for that purpose.

Sincerely,

*Chad Goldstone*

Chad Goldstone
Legal Coordinator

L130

**EXHIBIT 1**

# *Commonwealth Receivables, Inc.*

**po box 1370, framingham, ma 01701 / tel. 508-788-9269 / toll free 888-267-6880 / fax 508-788-6938**

*EXTENDED HOURS:*
*mon-fri 8:00 a.m. – 8:00 p.m.*
*saturday 9:00 a.m. 5:00 p.m.*

663861 .

ANA R RIOS
20 DAWN RD
MAYNARD   MA  01754

June 1, 2004

Re:   $872.67 Due and Owing Commonwealth Receivables
      Providian Bank Visa Card #4479-4726-0047-1507
      Civil Action #0447SC0175
      **Our File #C-663861**

Dear Ana R Rios:

**PLEASE BE ADVISED THAT THIS OFFICE HAS OBTAINED A JUDGMENT AGAINST YOU IN THE CONCORD DISTRICT COURT.  DEMAND IS HEREBY MADE FOR PAYMENT OF THE JUDGMENT PLUS POST-JUDGMENT COSTS AND INTEREST TOTALING $872.67 IMMEDIATELY.**

Demand is hereby made for the payment of the balance of the judgment. If you are unable to pay this judgment in full, please contact this office to discuss your options with one of our account representatives. Our representatives our willing to work with you, but can only do so if you contact us.

Failure to contact this office will result in our requesting an execution from the court for the purpose of **seizing your 1995 BUICK PARK AVE**.

This letter and all communications from this office are attempts to collect the debt owed and any and all information obtained will be used for that purpose.

Sincerely,

*Chad Goldstone*

Chad Goldstone
Legal Coordinator

L152

**EXHIBIT 2**

# *Commonwealth Receivables, Inc.*

po box 1370, framingham, ma 01701 / tel. 508-788-9269 / toll free 888-267-6880 / fax 508-788-6938

CONCORD DISTRICT COURT
ATTN: SMALL CLAIMS
305 WALDEN STREET
CONCORD MA 01742

June 1, 2004

Re: COMMONWEALTH RECEIVABLES INC. vs.
ANA R RIOS
Civil Action #0447SC0175
Our File #C-663861

Dear Sir/Madam:

Kindly issue to this office the **Execution** for the above-referenced matter as the defendant has failed to pay the judgment. Please return in the self-addressed stamped envelope provided for your convenience.

Thank you for your cooperation in this matter.

Sincerely,

Chad Goldstone
President

L648

**EXHIBIT 3**

JS 44
(Rev. 07/89)

CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Ana R. R...

**05 - 10906 REK**

## DEFENDANTS

Commonwealth Receivables, Inc. and Chad E. Goldstone

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Yvonne W. Rosmarin
Law Office of Yvonne W. Rosmarin
58 Medford Street
Arlington, MA 02474    781-648-4040

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/ PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☒ 871 IRS-Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER FR.C.P 23

DEMAND $

Check YES only if demanded in complaint
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE _____    DOCKET NUMBER _____

DATE 5/2/05

SIGNATURE OF ATTORNEY OF RECORD
/s/ Yvonne W. Rosmarin

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05cv10906 REK

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Ana R. Rios v. Commonwealth Receivables, Inc.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMZERED NATURE OF SUIT CODE LIST ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_  II.   195, 369, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
              740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   No

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? No

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? No

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES  No  _____ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).   YES  No

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?   YES  No  _____ (a)  IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION N/A  _____ OR WESTERN SECTION N/A

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Yvonne W. Rosmarin

ADDRESS  Law Office of Yvonne W. Rosmarin, 58 Medford Street, Arlington, MA 02474

TELEPHONE NO.  781-648-4040

(Category.frm - 09/92)