**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| ANA R. RIOS<br>Plaintiff,<br><br>v.<br><br>COMMONWEALTH RECEIVABLES, INC.<br>and CHAD E. GOLDSTONE,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 05-10906 REK |

## <u>SECOND AMENDED COMPLAINT</u>

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

## PARTIES

3. Plaintiff, Ana R. Rios, is a natural person residing in Maynard, Massachusetts.

4. Defendant Commonwealth Receivables, Inc. (hereafter "Commonwealth") is a Massachusetts corporation with a place of business in Watertown, Massachusetts, and is engaged in the business of collecting debts in Massachusetts.

5. On information and belief, Commonwealth buys charged-off debts in bulk from prior assignees of the original creditors after default for a small percentage of the amount of the debts and

then attempts to collect the full face amount of the debts from consumer debtors in Massachusetts.

6. Commonwealth regularly attempts to collect debts alleged to be due another and is a debt collector as that term is defined in FDCPA § 1692a(6).

7. Commonwealth uses the mails in a business the principal purpose of which is the collection of consumer debts.

8. On information and belief, by at least on or after February 24, 2004, Commonwealth was required by M.G.L. ch. 93 §§ 24-28 to be licensed as a debt collector with the Massachusetts Division of Banks in order to collect debts within Massachusetts.

9. On information and belief, at all relevant times, Commonwealth was not licensed as a debt collector with the Massachusetts Division of Banks.

10. Defendant Chad E. Goldstone (hereafter"Goldstone") is a natural person and is the President, Treasurer, Secretary and sole Director of Commonwealth.

11. Goldstone regularly attempts to collect debts alleged to be due another and is a debt collector as that term is defined in FDCPA § 1692a(6).

12. Goldstone uses the mails in a business the principal purpose of which is the collection of consumer debts.

13. On information and belief, by at least on or after February 24, 2004, Goldstone was required by M.G.L. ch. 93 §§ 24-28 to be licensed as a debt collector with the Massachusetts Division of Banks in order to collect debts within Massachusetts.

14. On information and belief, at all relevant times, Goldstone was not licensed as a debt collector with the Massachusetts Division of Banks.

15. On information and belief, Goldstone is the sole officer, director and stockholder of

Commonwealth.

16. On information and belief, Goldstone determines, directs and implements the policies and procedures used by Commonwealth, including those described below.

17. On information and belief, there is unity of interest and ownership between Commonwealth and Goldstone such that they are essentially the same personality and Commonwealth is the alter ego of Goldstone.

18. On information and belief, Defendant Commonwealth is inadequately capitalized, does not observe corporate formalities, does not pay dividends, lacks sufficient corporate records, has no functioning directors and has only one person, Goldstone, in the position of its officers who does not function as such. On information and belief Defendant Commonwealth's dominant shareholder, Goldstone, siphons away the corporate assets and uses the corporation in promoting fraud.

19. Honoring the corporate separateness of Commonwealth would promote fraud or create injustice and justice requires disregarding the corporate form of Commonwealth.

20. Defendants represent to the public, through information listed with the Massachusetts Secretary of the Commonwealth, that Defendant Goldstone's address is 45A Flanagan Drive, Framingham, Massachusetts.

21. In fact, on information and belief, Goldstone has not resided at that address since approximately mid-2004.

**FACTUAL ALLEGATIONS**

22. On or about January 15, 2004, Defendants mailed a letter to Plaintiff in their attempt to collect an alleged debt to Providian Bank (hereafter "debt").

23. The debt had been discharged in Plaintiff's bankruptcy by order of the United States

Bankruptcy Court for the District of Massachusetts dated June 10, 2003 in case number 03-41137.

24. On information and belief, Defendants purchased the previously-discharged debt from a prior assignee of the original creditor.

25. On information and belief, when Defendants purchased the debt they knew or should have known of the possibility that the debt previously had been discharged in bankruptcy.

26. On information and belief, prior to beginning collection attempts on the debt, Defendants did nothing to ascertain whether the debt had been discharged in bankruptcy.

27. On or about the day Plaintiff received Defendants' January 15, 2004 letter, Plaintiff telephoned Defendants and told Defendants that the debt had been discharged in her bankruptcy.

28. On information and belief, Defendants did nothing after Plaintiff's January 15, 2004 telephone call to ascertain whether the debt had been discharged in bankruptcy.

29. On or about February 25, 2004, Defendants filed an action against Plaintiff in Small Claims Division of the Concord, Massachusetts district court in an attempt to collect the previously-discharged debt, alleging that Plaintiff owed $825.50 (hereafter "small claims lawsuit").

30. On April 27, 2004, the date set for trial of the small claims lawsuit, Plaintiff telephoned Defendants and told Defendants that she was ill and could not be present in court due to her illness.

31. On information and belief, on April 27, 2004, Defendants obtained a default judgment in the small claims lawsuit in the amount of $882.33 including costs and prejudgment interest on the previously-discharged debt, and a payment review was scheduled for June 1, 2004.

32. On or about May 5, 2004, Defendants mailed a form letter to Plaintiff in their attempt to collect the previously-discharged debt. A copy of this letter is attached hereto as **Exhibit 1**.

33. Exhibit 1 states that Plaintiff has been "**SUMMONED TO APPEAR FOR TRIAL**

**AT THE CONCORD DISTRICT COURT ON 06/10/2004, TO ANSWER THE COMPLAINT BROUGHT** [by Defendants]." (Emphasis in original).

34. Exhibit 1 falsely states that June 1, 2004 was a trial date.

35. June 1, 2004 was not a trial date, as stated in Exhibit 1, because Defendants had already obtained a default judgment in the small claims lawsuit.

36. On information and belief, on June 1, 2004, a hearing on a 30 day payment order Defendants had previously obtained in the small claims lawsuit was scheduled.

37. Exhibit 1 also states that Plaintiff owes a balance of $867.14.

38. The amount asserted as owed in Exhibit 1, $867.14, bears no relationship to either the amount alleged as due in Defendants' small claims lawsuit ($825.50), that amount plus prejudgment interest ($842.33) or the default judgment, which included costs ($882.33).

39. In fact, Plaintiff owed nothing because the debt had been discharged in bankruptcy on June 10, 2003.

40. On or about June 1, 2004, Defendants mailed a form letter to Plaintiff in their attempt to collect the previously-discharged debt. A copy of this letter is attached hereto as **Exhibit 2**.

41. Exhibit 2 asserts that Plaintiff owes a balance of $872.67.

42. Exhibit 2 also makes a demand "**FOR PAYMENT OF THE JUDGMENT PLUS POST-JUDGMENT COSTS AND INTEREST TOTALING $872.67 IMMEDIATELY.**" (Emphasis in original).

43. The amount asserted as owed in Exhibit 2, $872.67, bears no relationship to either the amount alleged as due in Defendants' small claims lawsuit ($825.50), that amount plus prejudgment interest ($842.33), the default judgment, which included costs ($882.33) or even the default judgment

plus post-judgment costs and interest ($893.35), which it purported to include.

44. Exhibit 2 also implies that Defendants can collect post-judgment costs from the Plaintiff.

45. In fact, Defendants had not obtained any court order awarding them post-judgment costs.

46. Defendants were not entitled to collect post-judgment costs from Plaintiff in the small claims lawsuit.

47. In fact, Plaintiff owed nothing because the debt had been discharged in bankruptcy on June 10, 2003, almost one year earlier.

48. Exhibit 2 states that "Failure to contact this office will result in our requesting an execution from the court for the purpose of **seizing your 1995 BUICK PARK AVE.**"

49. Exhibit 2 implies that, if Plaintiff were to have contacted Defendants after receiving Exhibit 2 in the mail (which could not have occurred until June 2, 2004 or later) to make a payment arrangement, Defendants would not seek writ of execution in the small claims lawsuit.

50. In fact, on the same date as Exhibit 2, June 1, 2004, Defendants had already requested a writ of execution from the small claims court by letter of that date. A copy of this letter is attached hereto as **Exhibit 3**.

51. On information and belief, Defendants routinely seek writs of execution in small claims court cases, even when judgment debtors contact them and make payment arrangements.

52. Exhibit 1 (May 4 letter) implies that if Plaintiff were to have contacted Defendants after receiving Exhibit 1 to make payment arrangements, she would not have to appear in court and she would incur no additional costs.

53. On information and belief, even if Plaintiff had contacted Defendants after receiving

Exhibit 1 to make payment arrangement, Defendants would have obtained a writ of execution that would have added post-judgment interest.

54. On June 4, 2005, a writ of execution was issued in the small claims lawsuit.

55. On or about June 8, 2004, Defendants filed a Motion to Appoint Special Process Server (hereafter "special process server motion") in the small claims lawsuit. A copy of that motion is attached hereto as **Exhibit 4**.

56. The certificate of service in the special process server motion, signed by Defendant Goldstone, states that Defendants mailed a copy of the motion to Plaintiff at her address. Plaintiff never received a copy of this motion.

57. The special process server motion asserts that if a special process server is appointed "to levy the execution," "process may be served at great savings in time and costs."

58. In support of the special process server motion, Defendants filed the affidavit of Defendant Goldstone. A copy of Goldstone's affidavit is attached hereto as **Exhibit 5**.

59. In his sworn affidavit at ¶ 8, Defendant Goldstone swears that, by appointing the special process server to levy the execution, "process may be served at great savings in time and costs ***to both parties***." (Emphasis added.)

60. The company Defendants hired to levy the execution, Baystate Constables, Inc. (hereafter "Baystate"), routinely charges judgment debtors amounts grossly in excess of the statutory maximums in connection with such levies.

61. Defendants knew at the time that they filed the special process server motion and supporting affidavit, that Baystate routinely charges judgment debtors amounts grossly in excess of the statutory maximums in connection with such levies.

62. After approval of the special process server motion, Defendants caused Plaintiff's vehicle to be seized by Baystate pursuant to the execution on July 28, 2004.

63. Defendants are liable for the actions of Baystate, their agent.

64. Defendants' actions and conduct described above were in violation of the discharge injunction of the United States Bankruptcy Court in Plaintiff's bankruptcy case.

65. On February 25, 2005, Plaintiff filed a motion to vacate the judgment in the small claims lawsuit and served it on Defendants by mail.

66. By letter of March 2, 2005, Defendants filed a Notice of Voluntary Dismissal in the small claims lawsuit. Defendants did not serve Plaintiff with this Notice.

67. On March 4, 2005, the small claims lawsuit was dismissed and the small claims court cancelled Plaintiff's motion to vacate without any notice to her.

**CAUSE OF ACTION**

68. Plaintiff realleges paragraphs 1 through 67 above.

69. Defendants have violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a. False and misleading representations and implications as to the character, amount and legal status of the debt, in violation of FDCPA § 1692e, 1692e(2)(A) and 1692e(10);

b. False and misleading representations and implications as to Defendant Goldstone's address, in violation of FDCPA § 1692e and 1692e(10);

c. False and misleading representations and implications that appointment of a special process server would result in savings in cost and in savings in cost to the Plaintiff, in

violation of FDCPA § 1692e and 1692e(10);

  d. False and misleading representations of compensation which may lawfully be received by Defendants for collection of the debt, in violation of FDCPA § 1692e, 1692e(2)(B) and 1692e(10);

  e. False and misleading representations that nonpayment of the debt will result in the seizure of Plaintiff's vehicle, when such seizure was unlawful, in violation of FDCPA § 1692e, 1692e(4) and 1692e(10);

  f. The threat to take action which cannot legally be taken, in violation of FDCPA § 1692e, 1692e(5) and 1692e(10);

  g. False and misleading representations and implications that documents do not require action by Plaintiff, in violation of FDCPA § 1692e, 1692e(15) and 1692e(10);

  h. False and misleading representations and implications that Defendant is entitled to collect debts in the Commonwealth of Massachusetts, in violation of FDCPA § 1692e and 1692e(10);

  i. The failure to disclose in Exhibits 1 and 2 that the communication is from a debt collector, in violation of FDCPA § 1692e and 1692e(11);

  j. Use of false, deceptive and misleading representations or means in connection with the collection of a debt, in violation of FDCPA §§ 1692e and 1692e(10); and

  k. Use of unfair or unconscionable means to collect or attempt to collect the alleged debt, in violation of FDCPA § 1692f.

70. Plaintiff's claims are based on Defendants' actions and conduct occurring on or after May 4, 2005.

## PLAINTIFF'S DAMAGES

71.     As a result of Defendants' violations of the FDCPA described above, the Plaintiff suffered actual damages, including loss of use of her vehicle, expenses incurred in retrieving her vehicle and emotional distress.

72.     Defendants intended to cause Plaintiff emotional distress by their actions and conduct described herein.

73.     Plaintiff is entitled to her actual damages, pursuant to FDCPA § 1692k(a)(1).

74.     Plaintiff is also entitled to an award of statutory damages, FDCPA § 1692k(a)(2)(A).

75.     Plaintiff is entitled to her costs and attorney's fees pursuant to FDCPA § 1692k(a)(3).

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Enter judgment for the Plaintiff and against Defendants in the amount of her actual damages;

B.     Enter judgment for the Plaintiff and against Defendant for $1,000 statutory damages pursuant to 15 U.S.C. § 1692k;

C.     Award the Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

D.     Grant such other and further relief as may be just and proper.

                      Ana R. Rios, Plaintiff
                      by her Attorney,

                      s/Yvonne W. Rosmarin
                      Yvonne W. Rosmarin  BBO #566428
                      Law Office of Yvonne W. Rosmarin
                      58 Medford Street
                      Arlington, MA 02474
                      781-648-4040

**JURY DEMAND**

Plaintiff demands trial by jury.

s/Yvonne W. Rosmarin
Yvonne W. Rosmarin

*Commonwealth Receivables, Inc.*

**po box 1370, framingham, ma 01701 / tel. 508-788-9269 / toll free 888-267-6880 / fax 508-788-6938**

***EXTENDED HOURS:***
***mon-fri 8:00 a.m. – 8:00 p.m.***
***saturday 9:00 a.m. 5:00 p.m.***

663861 .

ANA R RIOS
20 DAWN RD
MAYNARD MA 01754

May 5, 2004

Re: $867.14 due and owing Commonwealth Receivables on
Providian Bank Visa Card #4479-4726-0047-1507
Civil Action #0447SC0175

**Our File #: C-663861**

Dear Ana R Rios:

**PLEASE BE ADVISED THAT YOU HAVE BEEN SUMMONED TO APPEAR FOR TRIAL AT THE CONCORD DISTRICT COURT ON 06/01/2004, TO ANSWER THE COMPLAINT BROUGHT AGAINST YOU BY THE ABOVE-REFERENCED PLAINTIFF.**

In a final attempt to resolve this matter amicably and without further costs to you, we urge you to contact this office at your earliest convenience.

Our representatives are willing to work with you on this matter so that **your appearance in court may not be necessary**. However, failure to contact this office to resolve this matter will result in our pursuing any and all remedies available.

This letter and all communications from this office are attempts to collect the debt owed and any and all information obtained will be used for that purpose.

Sincerely,

*Chad Goldstone*

Chad Goldstone
Legal Coordinator

L130

**EXHIBIT 1**

*Commonwealth Receivables, Inc.*

**po box 1370, framingham, ma 01701 / tel. 508-788-9269 / toll free 888-267-6880 / fax 508-788-6938**

***EXTENDED HOURS:***
***mon-fri 8:00 a.m. – 8:00 p.m.***
***saturday 9:00 a.m. 5:00 p.m.***

663861 .

ANA R RIOS
20 DAWN RD
MAYNARD MA 01754

June 1, 2004

Re: $872.67 Due and Owing Commonwealth Receivables
Providian Bank Visa Card #4479-4726-0047-1507
Civil Action #0447SC0175
**Our File #C-663861**

Dear Ana R Rios:

**PLEASE BE ADVISED THAT THIS OFFICE HAS OBTAINED A JUDGMENT AGAINST YOU IN THE CONCORD DISTRICT COURT. DEMAND IS HEREBY MADE FOR PAYMENT OF THE JUDGMENT PLUS POST-JUDGMENT COSTS AND INTEREST TOTALING $872.67 IMMEDIATELY.**

Demand is hereby made for the payment of the balance of the judgment. If you are unable to pay this judgment in full, please contact this office to discuss your options with one of our account representatives. Our representatives our willing to work with you, but can only do so if you contact us.

Failure to contact this office will result in our requesting an execution from the court for the purpose of **seizing your 1995 BUICK PARK AVE**.

This letter and all communications from this office are attempts to collect the debt owed and any and all information obtained will be used for that purpose.

Sincerely,

Chad Goldstone

Chad Goldstone
Legal Coordinator

L152

**EXHIBIT 2**

*Commonwealth Receivables, Inc.*
po box 1370, framingham, ma 01701 / tel. 508-788-9269 / toll free 888-267-6880 / fax 508-788-6938

CONCORD DISTRICT COURT
ATTN: SMALL CLAIMS
305 WALDEN STREET
CONCORD MA 01742

June 1, 2004

Re: COMMONWEALTH RECEIVABLES INC. vs.
ANA R RIOS
Civil Action #0447SC0175
Our File #C-663861

Dear Sir/Madam:

Kindly issue to this office the **Execution** for the above-referenced matter as the defendant has failed to pay the judgment. Please return in the self-addressed stamped envelope provided for your convenience.

Thank you for your cooperation in this matter.

Sincerely,

Chad Goldstone
President

L648

EXHIBIT 3

COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX SS.**

**CONCORD DIVISION**
**CIV. ACTION 0447SC0175**

-----------------------------------

COMMONWEALTH RECEIVABLES, INC
Plaintiff

v.

ANA R RIOS
Defendant(s)

-----------------------------------

MOTION TO APPOINT
SPECIAL PROCESS SERVER
UNDER RULE 4(C) M.R.C.P.

Now comes the Plaintiff in this action and moves this honorable court that Kevin Hadley, a constable bonded to serve civil process, familiar with the requirements thereof and disinterested in this action, be appointed to levy the execution in this action, on the grounds that in such manner, process may be served at great savings in time and costs. In support of this motion, Plaintiff submits herewith the attached affidavit.

By its President

Chad Goldstone
(508)-788-9269

June 8, 2004

MOTION ALLOWED ☑
MOTION DENIED ☐
JUSTICE / DATE
7.23.04

**EXHIBIT 4 p. 1**

**COMMONWEALTH OF MASSACHUSETTS**

**MIDDLESEX SS.**

**CONCORD DIVISION**
**CIV. ACTION 0447SC0175**

**CERIFICATE OF SERVICE**

I , Chad Goldstone, President of COMMONWEALTH RECEIVABLES, INC., hereby certify, under the pains and penalties of perjury that the Defendant, ANA R RIOS was served on June 8, 2004, by deposit postage prepaid in First Class US Mail, at 20 DAWN RD, MAYNARD MA 01754.

Signed,

Chad Goldstone
President
Commonwealth Receivables, Inc.

**EXHIBIT 4 p. 2**

**COMMONWEALTH OF MASSACHUSETTS**

**MIDDLESEX, SS.**

Docket No. 0447SC0175

**AFFIDAVIT**

IN SUPPORT OF MOTION
TO APPOINT SPECIAL PROCESS SERVER
UNDER RULE 4(C) M.R.C.P.

CHAD GOLDSTONE, being duly sworn, deposes and states as follows:

5. My name is Chad Goldstone.

6. I am President of Commonwealth Receivables, Inc. and base the statements in this affidavit to the best of my personal knowledge.

7. Kevin Hadley is a bonded constable familiar with the requirements of serving civil process and disinterested in this action.

8. By appointing Kevin Hadley as a special process server to levy the execution in this action, process may be served at great savings in time and costs to both parties.

FURTHER AFFIANT SAITH NOT.

CHAD GOLDSTONE
PRESIDENT
COMMONWEALTH RECEIVABLES, INC.

**EXHIBIT 5**