UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANA R. RIOS<br>            Plaintiff,<br><br>v.<br><br>COMMONWEALTH RECEIVABLES, INC.<br>and CHAD E. GOLDSTONE,<br>            Defendants. | NO. 05-10906 REK |

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

### INTRODUCTION

1.    The defendants deny that they have violated the Fair Debt Collection Practices Act.

### JURISDICTION

2.    Denied.

### PARTIES

3.    The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4.    Commonwealth Receivables ("Commonwealth") admits that it is a Massachusetts corporation, otherwise denied.

5.    Commonwealth admits that it purchases outstanding debt, otherwise denied.

6.    Denied.

7.    Commonwealth admits that it uses the mails in the course of its business, otherwise denied.

8. Denied.

9. Admitted.

10. Admitted.

11. Denied.

12. Denied.

13. Denied.

14. Admitted.

15. Admitted.

16. Goldstone admits that he supervises some activities of Commonwealth, otherwise denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

## FACTUAL ALLEGATIONS

22. Denied.

23. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Commonwealth admits that it commenced an action that speaks for itself, otherwise denied.

30. Denied.

31. Commonwealth admits that it obtained a judgment that speaks for itself, otherwise denied.

32. Commonwealth admits that it issued a letter on or about May 5, 2004 that speaks for itself, otherwise denied.

33. Commonwealth admits that it issued a letter on or about May 5, 2004 that speaks for itself, otherwise denied.

34. Denied.

35. Denied.

36. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

37. Commonwealth admits that it issued a letter on or about May 5, 2004 that speaks for itself, otherwise denied.

38. Commonwealth admits that it issued a letter on or about May 5, 2004 that speaks for itself, otherwise denied.

39. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

40. Commonwealth admits that on or about June 1 it issued a letter that speaks for itself, otherwise denied.

41. Commonwealth admits that on or about June 1 it issued a letter that speaks for itself, otherwise denied.

42. Commonwealth admits that on or about June 1 it issued a letter that speaks for itself, otherwise denied.

43. Commonwealth admits that on or about June 1 it issued a letter that speaks for itself, otherwise denied.

44. Commonwealth admits that on or about June 1 it issued a letter that speaks for itself, otherwise denied.

45. Denied.

46. Denied.

47. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

48. Commonwealth admits that on or about June 1 it issued a letter that speaks for itself, otherwise denied.

49. Commonwealth admits that on or about June 1 it issued a letter that speaks for itself, otherwise denied.

50. Commonwealth admits issuing a letter on or about June 1, 2004 that speaks for itself, otherwise denied.

51. Denied.

52. Denied.

53. Denied.

54. The defendants admit that the court's record speaks for itself, otherwise denied.

55. The defendants admit that the court's record speaks for itself, otherwise denied.

56. The defendant Goldstone admits executing a certificate of service but otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

57. The defendants admit that the court's record speaks for itself, otherwise denied.

58. The defendants admit that the court's record speaks for itself, otherwise denied.

59. Goldstone admits that his affidavit speaks for itself, otherwise denied.

60. Commonwealth admits it engaged Baystate Constables, Inc. to act as an independent contractor, otherwise denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. The defendants admit that the court's record speaks for itself, otherwise denied.

66. The defendants admit that the court's record speaks for itself, otherwise denied.

67. The defendants admit that the court's record speaks for itself, otherwise denied.

## CAUSE OF ACTION

68. The defendants incorporate their answers to paragraphs 1 through 67.

69. Denied.

70. Denied.

## PLAINTIFF'S DAMAGES

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

## AFFIRMATIVE DEFENSES

1. This Court lack jurisdiction.

2. This action is barred due to the failure of service of process and the insufficiency of process.

3. This action is barred by the doctrines of estoppel, laches, and waiver.

4. This action is time barred, having been filed after the expiration of the governing limitations period.

5. Even if this action is not time barred in its entirety, all claims based on events occurring on or before May 4, 2004 are time barred.

6. The Amended Complaint fails to state a cause of action upon which relief can be granted.

7. The defendants at all times acted reasonably, in good faith, and without negligence.

8. Any violative conduct by the defendants was unintentional and resulted from a bona fide error and notwithstanding the maintenance of procedures reasonably adopted to avoid such errors.

9. Any harm or losses suffered by the plaintiff were caused solely by third persons over whom the defendants had no control and for whom the defendants are not responsible.

10. Neither defendant engaged in any unfair, deceptive, or misleading conduct.

11. The plaintiff was never deceived or misled by any conduct of the defendants.

12. There is no basis on which Chad Goldstone can be held individually liable.

13.     The defendants and their actions are not covered by the Fair Debt Collection Practices Act ("FDCPA").

14.     The defendants are not creditors or debt collectors within the meaning of the FDCPA.

15.     The defendants were not attempting to collect a debt within the meaning of the FDCPA.

16.     The plaintiff has suffered no actual damages and no emotional distress.

17.     The plaintiff is entitled to no statutory damages or other damages.

18.     The plaintiff is entitled to no attorneys' fees.

For the foregoing reasons, the defendants request that the Amended Complaint be dismissed, and that the Court award the defendants their costs and attorneys' fees.

COMMONWEALTH RECEIVABLES, INC.
and
CHAD E. GOLDSTONE

By their attorney,

*/s/ John J. O'Connor*
John J. O'Connor
BBO # 555251
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

Dated: July 28, 2005

619266_1
14851-91320

I hereby certify that on this 28TH day of JULY, 2005, I served the foregoing document by causing a copy of same to be mailed, postage prepaid, hand delivered to all counsel of record.

*/s/ John J. O'Connor*
JOHN J. O'CONNOR